Mitchell A. Stephens (11775)
JAMES DODGE RUSSELL & STEPHENS, P.C.
10 W. Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Email: mstephens@jdrslaw.com

James R. Marsh (Pro Hac Forthcoming)
Margaret E. Mabie (Pro Hac Forthcoming)
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (212)372-3030
Email: jamesmarsh@marsh.law
Email: margaretmabie@marsh.law

*Counsel for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| "CASSEAOPEIA", "JANE", "ERIKA", "TORI", "JENNY", "LILY", "SARAH", CHRISTOPHER MARCHESE, conservator for "SIERRA", "JANE DOE" conservator for "SAVANNAH" and "SKYLAR", "JOHN DOE" conservator for "SALLY", "MAUREEN," "JANE ROE" next friend for "PIA", "MYA", and "AVA", <br><br> *Plaintiffs*, <br><br> vs. <br><br> BENJAMIN DEPUTY BROWN, <br><br> *Defendant*. | **COMPLAINT** <br><br> Case No. 2:22-cv-00251 <br><br> Magistrate Judge Daphne A. Oberg <br><br> **JURY TRIAL DEMANDED** |

The plaintiffs allege for their complaint as follows:

### NATURE OF THE ACTION

1. This is a suit for damages arising out of defendant's violations of the federal criminal child pornography statutes. *See* 18 U.S.C. § 2252.

2. 18 U.S.C. § 2255(a) allows victims of child pornography under 18 U.S.C. § 2252 to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and grant such other preliminary and equitable relief as the court determines to be appropriate.

**PARTIES**

3. "Casseaopeia" is an adult and resides outside of the District of Utah.

4. "Casseaopeia" is a pseudonym for the victim depicted in the Lighthouse3 child pornography series.

5. "Jane" is an adult and resides outside of the District of Utah.

6. "Jane" is a pseudonym for the victim depicted in the CinderBlockBlue child pornography series.

7. "Erika" is and adult and resides outside of the District of Utah.

8. "Erika" is a pseudonym for the victim depicted in the PinkHeartSisters1 child pornography series.

9. "Tori" is an adult and resides outside of the District of Utah.

10. "Tori" is a pseudonym for the victim depicted in the PinkHeartSisters2 child pornography series.

11. "Jenny" is an adult and resides outside of the District of Utah.

12. "Jenny" is a pseudonym for the victim depicted in the Jenny child pornography series.

13. "Lily" is an adult and resides outside the District of Utah.

14. "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series.

15. "Sarah" is an adult and resides outside the District of Utah.

16. "Sarah" is the pseudonym for the victim depicted in the Marineland1 child pornography series.

17. Christopher Marchese is the agent of the entity Pikes Peak Probate Services which is the court appointed conservator for "Sierra." Sierra is currently a protected person and resides outside of the District of Utah.

18. "Sierra" is the pseudonym for the victim depicted in the Jan_Socks1 child pornography series.

19. "Jane Doe" is the mother and court appointed conservator for "Savannah" who is currently a minor and resides outside of the District of Utah.

20. "Savannah" is the pseudonym for the victim depicted in the Jan_Socks2 child pornography series.

21. "Jane Doe" is also the mother and court appointed conservator for "Skylar" who is currently a minor and resides outside of the District of Utah.

22. "Skylar" is the pseudonym for the victim depicted in the Jan_Socks3 child pornography series.

23. "John Doe" is the father and court appointed conservator for "Sally" who is currently a minor and resides outside of the District of Utah.

24. "Sally" is the pseudonym for the victim depicted in the Jan_Socks4 child pornography series.

25. "Maureen" is an adult and resides outside the District of Utah.

26. "Maureen" is the pseudonym for the victim depicted in the Lighthouse1 child pornography series.

27. "Jane Roe" is an adult and resided outside the District of Utah.

28. "Jane Roe" is a pseudonym for Pia's mother and Jane Roe acts as Next Friend for Pia. "Pia" is currently a minor and resides outside of the District of Utah.

29. "Pia" is the pseudonym for the victim depicted in the Sweet White Sugar child pornography series.

30. "Mya" is an adult and resides outside of the District of Utah.

31. "Mya" is the pseudonym for the victim depicted in the Sweet Pink Sugar child pornography series.

32. "Ava" is an adult and reside outside of the District of Utah.

33. "Ava" is the pseudonym for the victim depicted in the Sweet Purple Sugar child pornography series.

34. Defendant Benjamin Deputy Brown is an adult who, upon information and belief, resides within the District of Utah.

## JURISDICTION AND VENUE

35. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

36. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where defendant resides and (ii) a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this judicial district.

## FACTUAL BACKGROUND

### Defendant Possessed Child Pornography Depicting Plaintiffs in Violation of 18 U.S.C. § 2252(a)(4)(B)

37. Defendant was charged in the United States District Court for the District of Utah, in the matter entitled *United States v. Benjamin Deputy Brown*, Case No. 2:17-cr-00131, with the crimes of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), alleged to have been committed beginning at a date unknown and continuing through December 21, 2016, and Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), alleged to have been committed on or about September 27, 2016.

38. On November 21, 2017, with the assistance of legal counsel, Defendant pleaded guilty in open court to two counts of the child pornography crime of Possession of Child Pornography as charged. The Court accepted his change of plea.

39. On May 2, 2018, Defendant was sentenced on the charge of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

40. On May 3, 2018, the Court entered judgment on Defendant's sentence. As a part of sentencing, the Court ordered Defendant to pay restitution to each of the Plaintiffs in this case.

### Plaintiffs are Victims of Defendant's Crime of Possession of Child Pornography.

41. Plaintiffs have each elected to receive notices via the United States Department of Justice Victim Notifications System (VNS) which alerts them when they are victims in criminal investigations by federal law enforcement agencies.

42. On information and belief, Child Victim Identification Program (CVIP) analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on Defendant's computer to child pornography images of Plaintiffs in NCMEC's database

and notified the Government of its findings in a CVIP report. Upon information and belief, this CVIP report was supplied to Defendant's criminal defense attorney.

43. On April 7, 2017, Plaintiffs first received notice from the DOJ VNS that child pornography images of them were among those possessed by Defendant in violation of federal child pornography law.

44. In his sentence imposed for violating 18 U.S.C. § 2252A(a)(5)(B), Defendant was ordered to pay restitution to Plaintiffs pursuant to 18 U.S.C. §§ 2259 and 3664.

## FIRST CLAIM FOR RELIEF
### Civil Remedy under 18 U.S.C. § 2255(a)

45. Plaintiffs repeat and re-allege all prior paragraphs.

46. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252A(a)(5)(B) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

47. Defendant pleaded guilty to, and was sentenced for, violating the federal child pornography crime of Possession of Child Pornography found at 18 U.S.C. § 2252A(a)(5)(B).

48. Defendant's actions described herein have caused personal injury to each Plaintiffs.

49. Plaintiffs are entitled to damages as a result of Defendant's violations of 18 U.S.C. § 2252A(a)(5)(B).

50. Plaintiffs elect statutory liquidated damages in the amount of $150,000 each and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably

incurred, prejudgment and post-judgment interest at the highest legal rate, and such other relief as the Court deems appropriate.

## RELIEF REQUESTED

WHEREFORE, each Plaintiff requests judgment against Defendant as follows:

51. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

52. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

53. Pre-judgment and post-judgment interest at the highest legal rate; and

54. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all claims or issues so triable.

DATED this 8th day of April, 2022.

JAMES DODGE RUSSELL & STEPHENS, P.C.

/s/ Mitchell A. Stephens
MITCHELL STEPHENS

*COUNSEL FOR PLAINTIFFS*