Mitchell A. Stephens (11775)
JAMES DODGE RUSSELL & STEPHENS, P.C.
10 W. Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Email: mstephens@jdrslaw.com

James R. Marsh (Pro Hac Forthcoming)
Margaret E. Mabie (Pro Hac Forthcoming)
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (212)372-3030
Email: jamesmarsh@marsh.law
Email: margaretmabie@marsh.law

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| "CASSEAOPEIA", "JANE", "ERIKA", "TORI", "JENNY", "LILY", "SARAH", CHRISTOPHER MARCHESE, conservator for "SIERRA", "JANE DOE" conservator for "SAVANNAH" and "SKYLAR", "JOHN DOE" conservator for "SALLY", "MAUREEN," "JANE ROE" next friend for "PIA", "MYA", and "AVA", <br><br> *Plaintiffs*, <br><br> vs. <br><br> BENJAMIN DEPUTY BROWN, <br><br> *Defendant.* | **PLAINTIFFS' MOTION TO PROCEED WITH PSEUDONYMS, MEMORANDUM OF POINTS AND AUTHORITIES, IN SUPPORT OF MOTION TO PROCEEED WITH PSEUDONYMS** <br><br> Case No. 2:22-cv-00251 <br><br> Magistrate Judge Daphne A. Oberg |

### STATEMENT OF RELIEF REQUESTED

Plaintiffs "Casseaopeia," "Jane," "Erika," "Tori," "Jenny," "Lily," "Sarah," Christopher Marchese, conservator for "Sierra", "Jane Doe" conservator for "Savannah" and "Skylar", "John Doe" conservator for "Sally", "Maureen," "Jane Roe" next friend for "Pia", "Mya", and "Ava" through their attorneys of record Mitchell Stephens of James Dodge Russell & Stephens, P.C.,

Carol L. Hepburn of Carol L. Hepburn P.S., Deborah A. Bianco of Deborah A. Bianco, PLLC and James R. Marsh of Marsh Law Firm, PLLC move this Court for an order allowing them to proceed in the above-captioned matter using pseudonyms.

Plaintiffs make this request in order to protect themselves from harassment, injury, ridicule and personal embarrassment.

## FACTS RELEVANT TO MOTION

The matter before the court comes on Plaintiffs' claims for civil damages against one of the criminal defendants who has been convicted of possessing their images. As set forth in the complaint herein Casseaopeia, Jane, Erika, Tori, Jenny, Lily, Sarah, Sierra, Jane Doe, Skylar, Savannah, John Doe, Sally, Maureen, Jane Roe, Pia, Mya and Ava are the subjects of several series of child pornography videos and images. These images, which form the basis of the claims herein, are highly personal, intimate, and humiliating to the plaintiffs.

Each of the Plaintiffs, when young children, were raped, and forced to commit a myriad of sexual acts by their abusers. In each case, the sexual abuse of the Plaintiffs was photographed and/or videoed and these images were distributed and traded on the Internet among pedophiles and child pornography enthusiasts. Counsel for each of the Plaintiffs continue to receive notices from the FBI and various United States Attorney offices around the country that the images of the Plaintiffs are still traded on the Internet. Each of the Plaintiffs has been notified that she is a victim of Defendant Brown's criminal offense.

Plaintiff Casseaopeia, from the ages of six to nine years old, was repeatedly sexually abused by an adult male in order to produce child pornography. The images of her abuse memorialize Casseaopeia being forced to endure sexually explicit acts. The ongoing

victimization Casseaopeia suffers from the continued collection and distribution of her images will last throughout her entire life.

Plaintiff Jane, between the ages of eight and twelve years old, sexually abused by an adult male. Jane was drugged prior to the sexual abuse in order to produce child pornography. The ongoing victimization Jenny suffers from the continued collection and distribution of her images will last throughout her entire life.

Erika and Tori are sisters who were repeatedly raped and sexually assaulted by an adult male relative in order to produce child pornography. The adult male relative would travel with Erika and Tori in order to allow other adult men to abuse them and produce child pornography. The ongoing victimization Erika and Tori suffer from the continued collection and distribution of their images will last throughout their entire life.

From approximately six to eight years old, Jenny was sexually molested and assaulted by an adult man. Jenny was repeatedly raped and forced to perform fellatio on an adult man. Jenny was also bound and forced to perform sexual acts on an animal. The abuser forced Jenny to watch child pornography in order to groom her for sexual exploitation. The sexual abuse of Jenny was digitized for distribution on the Internet. The ongoing victimization Jenny suffers from the continued collection and distribution of her images will last throughout her entire life.

Plaintiff Lily was sexually abused from the age of ten to eleven in a number of scripted and costumed vignettes, which have included graphic sex as well as bondage. She has been stalked on the internet and through email by apparent pedophiles and child pornography enthusiasts who have propositioned her and made lewd inquiries of her. One such stalker was convicted in the United States District Court of Nevada of transporting her images and stalking

her. (*See* Judgment in *United States v. Gregory Hoffman*, USDC Nev. No. 08-CR-00027 attached as Exhibit 1 to Declaration of Counsel Carol L. Hepburn.)

On the internet today are blogs in which child pornography consumers debate various issues related to Lily's sexual abuse and performance in these videos. The postings are crass and disgusting and include speculation as to whether or not, as a ten-year old child, she enjoyed having forced sex with an adult male. *See* copies of redacted blogs attached as Exhibit 2 to Declaration of Counsel Carol L. Hepburn.) When, years ago, Lily briefly spoke publicly about the videotaped rape and sexual exploitation which she suffered, she was contacted by four separate individuals who sought to communicate with her about the images of her abuse; one even apparently tried to send her pornographic images. She now makes every effort to maintain her anonymity.

When Plaintiff Sarah was four to eleven years old, she was sexually abused and exploited. Sarah was forced to endure sexual contact and penetration with an adult male and bestiality in order to produce child pornography images and videos. These images and videos were produced for mass distribution and sold for money over the Internet and are still widely distributed today.

The Plaintiffs Skylar, Savannah, Sally, and Sierra, all sisters, were forced from a young age by adults to have sexual encounters including digital and penile penetration and oral copulation with an adult and minor males for the purposes of producing child pornography images and videos. Skylar, Savannah, Sally, and Sierra each have and will continue to suffer personal injury by the distribution and possession of child pornography depicting them by persons, including the Defendant.

Maureen was a toddler when her abuse began, and the abuse continued for a number of years, until she was approximately eight years old. An unrelated adult male, known as "Uncle Charlie" would wake Maureen and sexually abuse her during the night. Her abuse was filmed, and the images created show Maureen being vaginally and anally penetrated, being forced to perform oral sex on an adult male and being dressed up in costumes then undressed and sexually assaulted for viewers.

Pia, Mya, and Ava are sisters who were sexually abused by an adult male. Pia was approximately 3-4 years old when the abuse began; her sister was approximately 5 and 6 years old. The abuse continued over several years. The children were groomed and encouraged to engage in sexual acts for and with an adult male who recorded and shared the images of their sexual abuse with others. The images include photographs and videos of the children in the nude, in provocative poses, and being sexually assaulted.

Casseaopeia, Jane, Erika, Tori, Jenny, Lily, Sarah, Sierra, Jane Doe, Skylar, Savannah, John Doe, Sally, Maureen, Jane Roe, Pia, Mya and Ava have suffered greatly due to being the subjects of these widely circulated images and videos; they suffer psychologically in a number of different manners; each is hyper-vigilant, suffers a rational paranoia, has fear and anxiety, and has had varying bouts of severe depression and anger to name a few.

## ISSUES PRESENTED

Whether the Plaintiffs' need for anonymity outweighs any prejudice to Defendant. If so, whether it is appropriate to allow Plaintiffs to proceed via pseudonyms.

## EVIDENCE RELIED UPON

1. The Declaration of James R. Marsh;

    2.       The Declaration of Carol L. Hepburn; and

    3.       The Declaration of Deborah A. Bianco.

## ARGUMENT

The Federal Rules of Civil Procedure do not explicitly authorize, nor absolutely prohibit, the use of fictitious names by plaintiffs or other parties. In *Does I Thru XXIII v. Advanced Textile Corp.* 214 FR.3d 1058 (9th Cir. 2000) (internal citations removed), the Ninth Circuit declared, "[i]n this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary… to protect a person from harassment, injury, ridicule or personal embarrassment."

In *Advanced Textile*, the Ninth Circuit held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id* at 1067. When "pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of threatened harm, (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id* at 1068 (internal citations removed). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. Finally, the court must decide whether the public's interest in the case would be best served by requiring the litigants reveal their identities." *Id* (internal citations removed).

## SEVERITY OF THREATENED HARM

*Advanced Textile* cites *Southern Methodist University Ass'n of Women Law Students v.*

*Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) for the principle that the severity of threatened harm should be evaluated based on whether or not "divulg[ing] personal information of the utmost intimacy" and "reveal[ing] facts of a highly personal nature … cause damage to… [a person's] good name [] and reputation." This is consistent with the Ninth Circuit's maxim that pseudonyms are allowed "when nondisclosure of the party's identity is necessary… to protect a person from harassment, injury, ridicule or personal embarrassment."

> Concerning child pornography victims, the Ninth Circuit noted that there are:
> several ways in which the individuals depicted in images of child pornography are harmed by the circulation and viewing of those images. *See New York v. Ferber*, 458 U.S. 747, 759 (1982) (explaining that the suffering of victims of childhood sexual abuse is "exacerbated by [the] circulation" and viewing of images documenting that abuse). These injuries include "the emotional and psychic" pain of knowing that the images are being viewed, Id. at 759 n. 10, as well as the repeated violations of the individual's privacy interests, Id. at 758 n. 9. *See also Ashcroft v. Free Speech Coal.*, 535 U.S. 234 (2002) ("Like a defamatory statement, each new publication [of the images] ...cause[s] new injury to the child's reputation and well-being."). In the sentencing context, we have likewise held that the minors depicted in child pornography should be considered the "victims" of a defendant who possesses or trades in images of their abuse. *See United States v. Blinkinsop*, 606 F.3d 1110, 1117–18 (9th Cir. 2010); United States v. Boos, 127 F.3d 1207, 1210–11 (9th Cir. 1997).

*United States v. Kennedy,* 643 F.3d 1251, 1260 (9th Cir. 2011).

Casseaopeia, Jane, Erika, Tori, Jenny, Lily, Sarah, Sierra, Jane Doe, Savannah, Skylar, John Doe, Sally, Maureen, Jane Roe, Pia, Mya, and Ava are victims who were harmed by this defendant's possession of their child sex abuse images. Visual depictions of a prepubescent child's rape and sexual exploitation are "personal information of the utmost intimacy." Such images "reveal facts of a highly personal nature" which can result in "harassment, injury, ridicule or personal embarrassment."

Congress and the American people have recognized the fundamental affront to human dignity and personal privacy that child pornography represents and have chosen through public

policy to make possession, distribution, receipt, transportation and production of child sex abuse images punishable by significant criminal penalties. The mere receipt of such images subjects an individual to a mandatory minimum federal prison sentence of five years. 18 U.S.C. § 2252A(a)(2). Such public policy determinations, while not dispositive, support the notion that the current litigation involves matters that are highly personal in nature and of the utmost intimacy so that Plaintiffs deserve the protection provided by proceeding under a pseudonym.

As discussed by the Ninth Circuit in *Kennedy, supra*, and recognized by the United States Supreme Court in *New York v. Ferber*, 458 U.S. 747, 759 FN 10 (1982), "[t]he victim's knowledge of publication of the visual material increases the emotional and psychic harm suffered by the child…. Thus, distribution of the material violates the individual interest in avoiding disclosure of personal matters. …[and] the child's privacy interests are also invaded." *Id*. at FN 9.

In a previous criminal case involving Amy and Vicky, the Ninth Circuit ruled: Amy and Vicky presented ample evidence that the viewing of their images caused them emotional and psychic pain, violated their privacy interests, and injured their reputation and well-being. See Ferber, 458 U.S. at 759 & n. 10, 102 S.Ct. 3348; Free Speech Coal., 535 U.S. at 249, 122 S.Ct. 1389. Amy, for example, stated that her "privacy ha[d] been invaded" and that she felt like she was "being exploited and used every day and every night". Vicky described having night terrors and panic attacks due to the knowledge that her images were being viewed online. Even without evidence that Amy and Vicky knew about Kennedy's conduct, the district court could reasonably conclude that Amy and Vicky were "harmed as a result of" Kennedy's participation in the audience of individuals who viewed the images. Kennedy, 643 F.3d at 1263.

Casseaopeia, Jane, Erika, Tori, Jenny, Lily, Sarah, Sierra, Jane Doe, Savannah, Skylar, John Doe, Sally, Maureen, Jane Roe, Pia, Mya, and Ava are in the same position, and the circulation of their images causes them the same injuries. All these harms, which are severe and can be lifelong, would be compounded should Casseaopeia, Jane, Erika, Tori, Jenny, Lily, Sarah, Sierra, Jane Doe, Savannah, Skylar, John Doe, Sally, Maureen, Jane Roe, Pia, Mya, and Ava's identities be revealed to the world.

## VULNERABILITY TO RETALIATION

For all of the above reasons and as previously discussed, Casseaopeia, Jane, Erika, Tori, Jenny, Lily, Sarah, Sierra, Jane Doe, Savannah, Skylar, John Doe, Sally, Maureen, Jane Roe, Pia, Mya, and Ava are particularly vulnerable to retaliation. There are many individuals who have expressed animosity towards Lily and their supporters as a result of their appellate cases.

There is little reason to believe these same sentiments do not hold true for Casseaopeia, Jane, Erika, Tori, Jenny, Lily, Sarah, Sierra, Jane Doe, Savannah, Skylar, John Doe, Sally, Maureen, Jane Roe, Pia, Mya and Ava.

## ABSENCE OF PREJUDICE TO THE DEFENDANT

This suit is against a private party and is based on the Defendant's criminal conviction. The Defendant's status is an important factor in determining whether to permit Casseaopeia, Jane, Erika, Tori, Jenny, Lily, Sarah, Sierra, Jane Doe, Savannah, Skylar, John Doe, Sally, Maureen, Jane Roe, Pia, Mya and Ava to proceed anonymously. Unlike the typical defendant in a civil suit, the defendant in this case is not "innocent." He is guilty of criminal felonious acts, which form the basis for this civil action. The Defendant's conviction for criminal acts against Plaintiffs collaterally stops him from challenging the factual basis for this lawsuit. 18 U.S.C. §

3664(l). The Defendant is, in law and in fact, guilty of acts against Plaintiffs, which result in civil liability.

Plaintiffs are not strangers to the Defendant. While their actual identity is unknown, their child sex abuse images are intimately familiar to the Defendant and his possession of those images is the reason he is now civilly liable. Unlike a defendant in a purely civil suit, the defendant in this case is not prejudiced by not knowing Plaintiffs' true identities since the underlying facts were already judicially determined and are indisputable.

Knowing Plaintiffs' identities does nothing to advance the Defendant's case. The salient facts at issue concern their injuries, which are well documented. Although Defendant may believe that he has legal defenses, assertion of such defenses is in no way impeded by not knowing their legal names.

Although Plaintiffs are widely known within the child pornography consumer community by their series names and pseudonyms, they are not public figures. Their rape and sexual exploitation, and their continued victimization through distribution of child pornography images thrust them into the child pornography community totally against their wishes. There is little to be practically gained simply from knowing their legal names. Knowing Plaintiffs' names will have little effect on the Defendant's ability to present a defense, which is limited solely to damages.

## PUBLIC INTEREST

The public interest in this litigation, if any, will not be furthered or enhanced by knowing Casseaopeia, Jane, Erika, Tori, Jenny, Lily, Sarah, Sierra, Jane Doe, Savannah, Skylar, John Doe, Sally, Maureen, Jane Roe, Pia, Mya and Ava legal identity. The Defendant's crime resulted

in little or no publicity.

There is nothing about Plaintiffs' identity, which is significant or newsworthy. On the contrary, their stories and any media coverage of their efforts to obtain restitution would be based solely on the public knowing them as "Casseaopeia," "Jane," "Erika," "Tori," "Jenny," "Lily," "Sarah," "Sierra," "Jane Doe," "Savannah," "Skylar," "John Doe," "Sally," "Maureen," "Jane Roe," "Pia," "Mya," and "Ava." In terms of the media's ability to cover this litigation, allowing Plaintiffs to proceed under pseudonyms is preferable to closing the courtroom or sealing the record since the facts and the record can be publicly revealed without further harming them.

Other than closing the courtroom or sealing the record, there is no easily implemented alternative mechanism for protecting Plaintiffs' confidentiality. Proceeding under a pseudonym actually enhances the public's ability to participate in the litigation by obviating the need to seal or otherwise restrict documents and court proceedings. Since there is no familial or other direct relationship between the parties, there is no need to cloak any of the proceedings in secrecy once Casseaopeia, Jane, Erika, Tori, Jenny, Lily, Sarah, Sierra, Jane Doe, Savannah, Skylar, John Doe, Sally, Maureen, Jane Roe, Pia, Mya and Ava's identities are protected. There is nothing in the underlying criminal case or the materials submitted in the civil case, which will likely lead the public to discover Plaintiffs' identities. Allowing them to proceed under pseudonyms properly balances their need for anonymity against countervailing interests in full public disclosure. It also provides other victims with some comfort that they can seek appropriate legal redress without fear of disclosure of their identities.

The identities of conservators and next friend should be protected as well so as not to lead to the revelation of the minor plaintiffs' identities or locations.

## CONCLUSION

There is a fundamental privacy interest, which is violated by the production, distribution and possession of child pornography. Exposure of victims' legal identities only compounds that violation. For all the above reasons, Casseaopeia, Jane, Erika, Tori, Jenny, Lily, Sarah, Sierra, Jane Doe, Savannah, Skylar, John Doe, Sally, Maureen, Jane Roe, Pia, Mya and Ava respectfully request that this Court allow them to proceed in the above-captioned matter using a pseudonym.

DATED this 11th day of April, 2022.

JAMES DODGE RUSSELL & STEPHENS, P.C.

/s/ Mitchell A. Stephens
MITCHELL STEPHENS

MARSH LAW FIRM PLLC
JAMES R. MARSH
MARGARET E. MABIE

*COUNSEL FOR PLAINTIFFS*