UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| "CASSEAOPEIA"; "JANE"; "ERIKA"; "TORI"; "JENNY"; "LILY"; "SARAH"; CHRISTOPHER MARCHESE, conservator for "SIERRA"; "JANE DOE," conservator for "SAVANNAH" and "SKYLAR"; "JOHN DOE," conservator for "SALLY"; "MAUREEN"; "JANE ROE," next friend for "PIA", "MYA", and "AVA"; <br><br>Plaintiffs, <br><br>v. <br><br>BENJAMIN DEPUTY BROWN, <br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO PROCEED WITH PSEUDONYMS (DOC. NO. 3)** <br><br><br>Case No. 2:22-cv-00251 <br><br>Magistrate Judge Daphne A. Oberg |

This action was brought by a number of plaintiffs, who allege they are sexual exploitation victims—or conservators or next friends of victims—of the defendant, Benjamin Deputy Brown. Plaintiffs seek damages under 18 U.S.C. § 2255, which provides a civil remedy for victims of child sexual exploitation and abuse. (Compl. ¶¶ 45–50, Doc. No. 2.) Based on the nature of their claims, Plaintiffs request to proceed pseudonymously. (Mot. to Proceed with Pseudonyms ("Mot."), Doc. No. 3.) Because Plaintiffs have demonstrated exceptional circumstances warrant proceeding under pseudonyms at this stage of the case, the motion is granted.

BACKGROUND

In their complaint, Plaintiffs allege Mr. Brown pleaded guilty to and was sentenced on a charge of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Compl. ¶¶ 38–39, Doc. No. 2.) Plaintiffs assert they are victims—or conservators or next friends of

1

victims—of Mr. Brown's violation of 18 U.S.C. § 2252A(a)(5)(B). (*Id.* ¶¶ 41–44.) Some of the plaintiffs are now adults and some are still minors. (*Id.* ¶¶ 3–33.) As part of his sentence, Mr. Brown was ordered to pay restitution to each of the plaintiffs in this case. (*Id.* ¶¶ 40, 44.)

Plaintiffs contend the United States Department of Justice Victim Notification System notified them that the National Center for Missing and Exploited Children (NCMEC) matched child sexual abuse material on Mr. Brown's computer to child pornography images of Plaintiffs (or those they represent as conservators or next friends) in NCMEC's database. (*Id*. ¶¶ 41–43.) Plaintiffs assert they have suffered injury as a result of Mr. Brown's actions and are entitled to civil damages under 18 U.S.C. § 2255. (*Id.* ¶¶ 46–49.) Plaintiffs brought this action under pseudonyms and now seek the court's permission to proceed pseudonymously.

Mr. Brown was served with process on April 15, 2022, with an answer deadline of May 6, 2022. (*See* Summons Returned Executed, Doc. No. 19.) Mr. Brown has not yet answered or appeared in this action.

## LEGAL STANDARD

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a), *see also* Fed. R. Civ. P. 17(a). No provision in the Federal Rules permits "suits by persons using fictitious names" or "anonymous plaintiffs." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Exceptional circumstances include those "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* (internal quotation marks omitted). In deciding

whether to preserve anonymity, the court weighs these exceptional circumstances against the public's interest in access to legal proceedings. *Id.* If a court grants permission for plaintiffs to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

## ANALYSIS

Plaintiffs have demonstrated exceptional circumstances sufficient to proceed under pseudonyms at this stage of the case.

Sexual abuse of a minor is a matter of a "highly sensitive and personal nature" such that it may justify allowing plaintiffs alleging they were victims of such acts to proceed under pseudonyms. *See Doe v. U.S. Olympic Comm.*, No. 19-cv-00737, 2019 U.S. Dist. LEXIS 113590, at *4 (D. Colo. July 9, 2019) (unpublished) (collecting cases). Even where parties who were sexually abused as minors have reached the age of majority, courts have found it appropriate to preserve their anonymity. *E.g.*, *Doe v. USD No. 237*, No. 16-cv-2801-JWL-TJJ, 2017 U.S. Dist. LEXIS 142435, at *30–32 (D. Kan. Sept. 1, 2017) (unpublished). The same holds true for conservators and next friends whose identities could expose the victim's identity (thereby exposing the victim to further harm). *M.T. v. Olathe Pub. Sch. USD 233*, No. 17-2710-JAR-GEB, 2018 U.S. Dist. LEXIS 21515, at *6–7 (D. Kan. Feb. 9, 2018) (unpublished).

Here, Plaintiffs allege they are victims of Mr. Brown's child pornography offenses—or conservators and next friends of victims. These allegations are central to their claims against Mr. Brown. Child pornography offenses implicate the same concerns as child sexual abuse offenses in that they involve the sexual exploitation of minors. And in the context of child pornography, there is an "ongoing harm each time someone possesses images of a victim." *United States v.*

*Emmert*, 825 F.3d 906, 911 (8th Cir. 2016) (citing *Paroline v. United States*, 572 U.S. 434, 457 (2014)). The "highly sensitive and personal nature" of a child pornography offense, coupled with this ongoing harm, makes it appropriate to preserve the victims' anonymity.

Public interest in open access to legal proceedings does not outweigh Plaintiffs' interest in anonymity where the use of Plaintiffs' actual identities could expose them to further harm. Plaintiffs have offered evidence showing they (or those they represent as conservators or next friends) currently suffer psychological harm from the crimes related to their child sexual abuse material.[1] (Decl. of James R. Marsh in Support of Mot. to Proceed with Pseudonyms ¶ 4, Doc. No. 3-1; Decl. of Deborah A. Blanc in Support of Mot. to Proceed with Pseudonyms ¶ 8, Doc. No. 3-2; Decl. of Carol L. Hepburn in Support of Mot. to Proceed with Pseudonyms ("Hepburn Decl.") ¶ 7, Doc. No. 3-3.) Plaintiffs also identify potential future injuries if their identities are made public, citing to a case where other victims suffered from ongoing psychological injuries due to their knowledge that their child sexual abuse material continued to be viewed online. (Mot. 8, Doc. No. 3 (citing *United States v. Kennedy*, 643 F.3d 1251, 1263 (9th Cir. 2011).) Lastly, Plaintiffs contend one plaintiff was stalked, propositioned, and sent pornographic images after once having her identity exposed. (*Id.* at 3–4; Hepburn Decl. ¶ 5, Doc. No. 3-3.) With this evidence, Plaintiffs have shown risk of harm sufficient to justify proceeding under pseudonyms at this stage.

Finally, where Mr. Brown has not yet appeared in this action, there has been no showing he would be prejudiced by Plaintiffs' use of pseudonyms. Plaintiffs argue Mr. Brown will suffer no prejudice because, under 18 U.S.C. § 3664(l), he is estopped from denying the essential

---

[1] Although the declarations submitted as evidence on this point do not directly address Plaintiffs "Jane" and "Ava," similar psychological harm may be inferred based on the similarity of their underlying allegations of exploitation. (*See* Mot. 3, 5, Doc. No. 3; Compl. ¶¶ 6, 33, Doc. No. 2.)

4

allegations of the offense due to his conviction.  (Mot. 9–10, Doc. No. 3.)  Therefore, Plaintiffs assert he is limited to addressing damages, and Plaintiffs' legal names would not assist in this defense.  (*Id.*)  But if Mr. Brown seeks to establish prejudice or otherwise challenge Plaintiffs' use of pseudonyms after appearing, he may file a motion seeking reconsideration of this ruling.

## CONCLUSION

Plaintiffs' motion is GRANTED.  Plaintiffs may proceed pseudonymously in this action as "Casseaopeia"; "Jane"; "Erika"; "Tori"; "Jenny"; "Lily"; "Sarah"; Christopher Marchese, conservator for "Sierra"; "Jane Doe," conservator for "Savannah" and "Skylar"; "John Doe," conservator for "Sally" and "Maureen"; "Jane Roe," next friend for "Pia," "Mya," and "Ava."  Within fourteen days, Plaintiffs shall file under seal a copy of the complaint containing the legal names of each plaintiff, which shall be maintained under seal unless otherwise ordered.  After appearing, Mr. Brown may file a motion seeking reconsideration of this order.

DATED this 20th day of May, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge